IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| DAVID GONZALEZ, JR. § | |
| § | |
| v. § | C.A. NO. C-09-357 |
| § | |
| RICK THALER § | |

**MEMORANDUM AND RECOMMENDATION**
**TO GRANT RESPONDENT'S MOTION FOR SUMMARY JUDGMENT**

Petitioner is a state prisoner currently incarcerated at the Connally Unit in Kenedy, Texas. (D.E. 2). On December 1, 2009, Petitioner filed this pro se habeas corpus petition pursuant to 28 U.S.C. § 2254, challenging his conviction. Id. Pending is Respondent's motion for summary judgment. (D.E. 16). Petitioner filed a response on March 22, 2010. (D.E. 21). For the reasons stated herein, it is respectfully recommended that Respondent's motion be granted, and this habeas action be dismissed.

**I. JURISDICTION**

The Court has jurisdiction over the subject matter and the parties pursuant to 28 U.S.C. §§ 2241, 2254, which provide that jurisdiction is proper where the inmate is confined, or where the conviction was obtained. Wadsworth v. Johnson, 235 F.3d 959, 961-62 (5th Cir. 2002). Because Petitioner was convicted in Nueces County, jurisdiction is proper in this Court. 28 U.S.C. § 124(b)(6).

## II.  BACKGROUND

Following a shooting death on December 2, 2006, a grand jury in Nueces County, Texas indicted Petitioner with one count of murder and one count of the lesser included offense of manslaughter.  (D.E. 2, Petitioner's Memorandum of Law in support of his petition, Ex. B, at 1).  Following a plea agreement, id. at Ex. C, Petitioner was convicted in the 117th Judicial District Court of Nueces County, Texas on May 9, 2008 of manslaughter and sentenced to thirteen years of imprisonment.  (D.E. 2, at 2).  On April 13, 2009, he filed a state petition for habeas corpus with the Texas Court of Criminal Appeals.  Id. at 3.  That petition was denied without written order on October 7, 2009.  Ex Parte Gonzalez, App. No. WR-72,760-02, at 1.

## III.  DISCUSSION

Petitioner avers that he was convicted without evidence, denied effective assistance of counsel when his attorney failed to conduct a thorough pre-trial investigation, and coerced into giving an involuntary guilty plea by prosecutors and the trial court.  (D.E. 2, at 3, 7).  Respondent asserts that the petition should be dismissed because Petitioner's claims are partially unexhausted and wholly time-barred, and because Petitioner waived his right to appeal as part of his plea agreement.  (D.E. 16).  In response, Petitioner claims his plea was not voluntary or

intelligent.  (D.E. 21, at 20-22).

## A.     The Standard Of Review For Summary Judgment Motions.

Rule 56 of the Federal Rules of Civil Procedure applies to federal habeas corpus cases.  Clark v. Johnson, 202 F.3d 760, 764-65 (5th Cir. 2000) (citations omitted).  Summary judgment is appropriate when there is no disputed issue of material fact, and one party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c).  Courts must consider the record as a whole, including all pleadings, depositions, affidavits, interrogatories and admissions on file, in the light most favorable to the non-movant.  Caboni v. Gen. Motors Corp., 278 F.3d 448, 451 (5th Cir. 2002).

The party seeking summary judgment bears the initial burden of demonstrating an absence of a genuine issue of material fact and informing the court of the basis for its motion by identifying those portions of the pleadings, depositions, answers to interrogatories, admissions on file, and affidavits, if any, which support its contention.  Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986); Williams v. Adams, 836 F.2d 958, 960 (5th Cir. 1988).  Any controverted evidence must be viewed in the light most favorable to the non-movant, and all reasonable doubts must be resolved against the moving party.  See Lujan v. Nat'l Wildlife Fed'n, 497 U.S. 871, 888 (1990).

If the moving party makes the required showing, then the burden shifts to the non-movant to show that a genuine issue of material fact remains for trial. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 585-87 (1986); Fields v. City of S. Houston, 922 F.2d 1183, 1187 (5th Cir. 1991) (citation omitted). The non-movant cannot merely rest on the allegations of the pleadings, but must establish that there are material controverted facts in order to preclude summary judgment. Fed. R. Civ. P. 56(e); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248-49 (1986) (citation omitted). Summary judgment is proper if the non-movant fails to make a showing sufficient to establish the existence of an element essential to his case on which he bears the burden of proof. Celotex, 477 U.S. at 322-23; ContiCommodity Servs., Inc. v. Ragan, 63 F.3d 438, 441 (5th Cir. 1995) (citations omitted).

**B.   Petitioner Partially Failed to Exhaust His Legal Remedies In State Court.**

A federal writ of habeas corpus from an inmate in state custody shall not be granted unless: (1) the inmate has exhausted his legal remedies in the state courts; (2) state corrective processes are absent; or (3) circumstances render such processes insufficient to protect the individual's rights. 28 U.S.C. § 2254(b)(1). This exhaustion requirement is satisfied when the substance of each claim has been fairly presented to the highest court of the state. See O'Sullivan v. Boerckel, 526

4

U.S. 838, 842 (1999); Fisher v. Texas, 169 F.3d 295, 302 (5th Cir. 1999) (citation omitted); Carter v. Estelle, 677 F.2d 427, 443 (5th Cir. 1982) (citations omitted). The Fifth Circuit has explained that "the state court system must have been presented with the same facts and legal theory upon which the petitioner bases his current assertions." Ruiz v. Quarterman, 460 F.3d 638, 643 (5th Cir. 2006) (citing Picard v. Connor, 404 U.S. 270, 275-77 (1971)). The petitioner must also present his claim in accordance with the state court's procedural rules. Mercadel v. Cain, 179 F.3d 271, 275 (5th Cir. 1999) (per curiam) (citation omitted). If the petitioner fails in this respect, and "the last state court to consider the claim expressly and unambiguously based its denial of relief on a state procedural default," federal courts are "procedurally barred" from reviewing the claim. Fisher, 169 F.3d at 300 (citing Coleman v. Thomas, 501 U.S. 722, 729 (1991)). "This rule of comity reduces friction between the state and federal court systems by avoiding the 'unseem[liness]' of a federal district court's overturning a state court conviction without the state courts having had an opportunity to correct the constitutional violation in the first instance." O'Sullivan, 526 U.S. at 845 (citations omitted). In Texas, the highest court for habeas review is the Texas Court of Criminal Appeals. Tex. Code Crim. Proc. art. 4.04; Richardson v. Procunier, 762 F.2d 429, 431-32 (5th Cir. 1985).

In his federal petition, Petitioner makes three claims: (1) he was convicted without evidence; (2) he was denied effective assistance of counsel when his attorney failed to conduct a thorough pre-trial investigation; and (3) he was coerced into giving an unwilling plea. (D.E. 2, at 3, 7). However, only the first and second of those claims appeared in his state petition to the Texas Court of Criminal Appeals. Ex Parte Gonzalez, App. No. WR-72,760-02, at 7-25. While he did claim in both his state and federal petitions that he signed his plea unwillingly, his reasoning at the state level was that he only signed because of his attorney's failure to conduct a thorough pretrial investigation. Id. at 9-13. Here, he makes that same argument, (D.E. 21, at 22), and additionally avers that he was unfairly coerced by prosecutors and the trial court when they promised to misrepresent the law and evidence in the case if he did not sign a plea agreement. (D.E. 2, at 7). This additional claim was not first fairly presented to the highest court in the state of Texas.

Accordingly, it is respectfully recommended that Petitioner failed to exhaust his state remedies regarding his claim that prosecutors and the trial court coerced him into signing his guilty plea, and that this claim is procedurally barred from being heard by this Court.

## C. Petitioner's Claims Are Not Time-Barred.

The Anti-Terrorism and Effective Death Penalty Act ("AEDPA") provides a one-year limitations period for filing a federal habeas petition in district court by a person in custody pursuant to the judgment of a state court. 28 U.S.C. § 2244(d)(1). That period runs from the latest of four alternative dates:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Id. Nevertheless, certain actions will toll the limitation period. For example, a prisoner may not be granted federal habeas unless he has first sought state habeas review and been denied relief. 28 U.S.C. § 2254(b)(1). While a prisoner seeks that state review, the AEDPA one-year period will be tolled:

> The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(2).

Petitioner's claims concern his guilty plea and situations precipitating it. Furthermore, he does not claim that an impediment ever prevented him from filing his petition, a newly recognized Constitutional right applies to his case, or that the factual predicate underlying his claim was discovered after his conviction became final. Thus, 28 U.S.C. § 2244(d)(1)(A) applies, and the AEDPA statute of limitations began running when Petitioner's judgment became final.

Petitioner's conviction was entered on May 9, 2008. However, in Texas, a defendant has thirty days from the date a sentence is imposed to file a notice of appeal. Tex. R. App. P. 26.2(a)(1). If a defendant has signed a plea agreement and waived his right to appeal, his judgment still becomes final at the expiration of that thirty-day period for purposes of 28 U.S.C. § 2244(d)(1)(A). Scott v. Johnson, 227 F.3d 260, 262 (5th Cir. 2000); McCollum v. Quarterman, No. H-07-906, 2007 WL 2428293 at *1 (S.D. Tex. Aug. 21, 2007) (unpublished). Therefore, Petitioner's AEDPA statue of limitations began running on June 9, 2008. See Tex. R. App. P. 4.1(a) (the period would have started on June 8, 2008, but because that day was a

Sunday, the period began one day later). Consequently, the period was set to expire after June 8, 2009. However, the statute of limitations was tolled from the time he filed his state petition on April 13, 2009 to the time it was denied by the Texas Court of Criminal Appeals on October 7, 2009. See 28 U.S.C. § 2244(d)(2). That period totaled 178 days, and extended his limitations period to December 3, 2009. Therefore, Petitioner's federal petition dated December 1, 2009 was timely filed.

Accordingly, it is respectfully recommended that Petitioner's claims are not time-barred.

**D.     Petitioner's Claims Are Without Merit.**

**1.     Petitioner's claims that his conviction was not supported by evidence, and that he was coerced into giving an unwilling plea are conclusory.**

The Fifth Circuit has explained that "although pro se habeas petitions must be construed liberally, 'mere conclusory allegations on a critical issue are insufficient to raise a constitutional issue.'" Koch v. Puckett, 907 F.2d 524, 530 (5th Cir. 1990) (citations omitted). Petitioner claims that he was convicted without evidence. (D.E. 2, at 3). However, he provides no supporting evidence or argument. He does not even explain any grounds for this complaint.

Additionally, he claims that he was threatened by the prosecutors and trial

9

judge from his cousin's separate murder trial into signing his guilty plea. (D.E. 2, Memorandum, at 23-26). He alleges that they misstated the law regarding murder in that trial, and threatened to charge him with the same misstated law unless he cooperated. Id. at 23. However, the only facts or evidence he points to in support of this allegation are sections of the transcript from his cousin's trial. Id. at 23-26. This was a trial to which he was not a party, and importantly, these passages do not mention Petitioner, his case, or threats to anyone. He does not claim any other instances whereby prosecutors or the trial judge threatened him.

Accordingly, it is respectfully recommended that Petitioner's conviction was supported by evidence and he was not coerced into signing his guilty plea.

### 2. Petitioner did not receive ineffective assistance of counsel.

Anyone voluntarily and knowingly signing a guilty plea waives claims of ineffective assistance of counsel. Smith v. Estelle, 711 F.2d 677, 682 (5th Cir. 1983) (citation omitted); accord United States v. Glinsey, 209 F.3d 386, 392 (5th Cir. 2000). The only exception to this rule is when the ineffective assistance of counsel claim "relates to the voluntariness of the giving of the guilty plea." Smith, 711 F.2d at 682 (citation omitted).

Petitioner argues that his attorney's performance was ineffective in that she failed to discover the use of a non-existent jury charge used by the prosecutor and

the court. (D.E. 2, at 7). Initially, he claimed that without the charge, the prosecution would have been left without a case against him for murder. (D.E. 2, Memorandum, at 19-21). However, he later added that this alleged shortcoming by his attorney caused him to unintelligently sign his plea agreement. (D.E. 21, at 20-22). It is unclear whether Petitioner intended for these to be two separate claims, or one. In an effort to read Petitioner's filing liberally, they will be treated separately. See Koch, 907 F.2d at 530.

The non-existent jury charge to which Petitioner refers was actually part of a voir dire examination in the trial of his cousin and an associate, who were convicted of murder for the same crime for which he was convicted of manslaughter. (D.E. 21, at 10-19). He claims that the prosecutor and trial judge in that case misrepresented the definition of murder to the jury by incorrectly including a requirement for recklessness, and faults his attorney "because [she] didn't pursue this, and fix it." Id. at 19. Inasmuch as Petitioner claims that his attorney's failure to discover the non-existent charge simply strengthened the prosecution's case against him for murder, he waived his right to this claim as he does not claim this had any effect on whether he knowingly or intelligently signed his plea agreement. See Smith, 711 F.2d at 682.

However, inasmuch as Petitioner claims that his attorney's failure to conduct

11

a thorough pre-trial investigation precipitated his unintelligent assent to the plea agreement, there was no waiver.  Id.  Nevertheless, this claim still must fail. Although he avers that "Gonzalez's Claim that Counsel Failed to Conduct an Adequate Pretrial Investigation Was Not Waived Because His Guilty Plea Was Not Valid," he provides no supporting facts or evidence as to how an inadequate investigation led to his unintelligent signing of the agreement.  He does not claim that his attorney discussed, reinforced, or even knew of the non-existent charge he claims was used in his cousin's trial.  Neither does he claim she failed to discuss the facts of the case with him, or the relevant law, or even that she discussed these things, but did it poorly or incorrectly.  Instead, he left his claim to stand for itself based solely on conclusory allegations.  See Koch, 907 F.2d at 530.

Accordingly, it is respectfully recommended that Petitioner's attorney was not ineffective.

## IV.  CERTIFICATE OF APPEALABILITY

An appeal may not be taken to the Fifth Circuit from a final order in a habeas corpus proceeding "[u]nless a circuit justice or judge issues a certificate of appealability."  28 U.S.C. § 2253(c)(1)(A).  Although Petitioner has not yet filed a notice of appeal, it is respectfully recommended that this Court nonetheless address whether he would be entitled to a certificate of appealability.  A district court may

sua sponte rule on a certificate of appealability because "the district court that denies a petitioner relief is in the best position to determine whether the petitioner has made a substantial showing of a denial of a constitutional right on the issues before that court. Further briefing and argument on the very issues the court has just ruled on would be repetitious." Alexander v. Johnson, 211 F.3d 895, 898 (5th Cir. 2000) (per curiam).

The statute establishes that "[a] certificate of appealability may issue ... only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits." Miller-El v. Cockrell, 537 U.S. 322, 336 (2003). To warrant a grant of the certificate as to claims denied on their merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000). This standard requires a § 2254 petitioner to demonstrate that reasonable jurists could debate whether the motion should have been resolved differently, or that the issues presented deserved encouragement to proceed further. United States v. Jones, 287 F.3d 325, 329 (5th Cir. 2002) (citation omitted).

As to claims district courts reject solely on procedural grounds, a petitioner

must show both "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right <u>and</u> that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." <u>Slack</u>, 529 U.S. at 484 (emphasis added).

It is respectfully recommended that reasonable jurists could not debate the denial on substantive or procedural grounds nor find that the issues presented are adequate to proceed. <u>Miller-El</u>, 537 U.S. at 327 (citing <u>Slack</u>, 529 U.S. at 484). Accordingly, it is respectfully recommended that the Court find that Petitioner is not entitled to a certificate of appealability.

## V.  RECOMMENDATION

Based on the foregoing, it is respectfully recommended that Respondent's motion for summary judgment, (D.E. 16), be granted, and the petition, (D.E. 2), be dismissed.  Furthermore, it is respectfully recommended that a certificate of appealability be denied.

Respectfully submitted this 11th day of May 2010.

_____
BRIAN L. OWSLEY
UNITED STATES MAGISTRATE JUDGE

## **NOTICE TO PARTIES**

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel. Within **FOURTEEN (14) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to 28 U.S.C. § 636(b)(1)(C); Rule 72(b) of the Federal Rules of Civil Procedure; Rule 8(b) of the Rules Governing § 2254 Cases; and Article IV, General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within FOURTEEN (14) DAYS after being served with a copy shall bar that party, except upon grounds of *plain error,* from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415 (5th Cir. 1996) (en banc).