IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

DAVID GONZALEZ, JR.                    §
    TDCJ-CID NO. 1505685               §
v.                                     §          C.A. NO. C-09-357
                                       §
RICK THALER                            §

**OPINION DENYING PETITIONER'S MOTIONS
FOR DISCOVERY AND APPOINTMENT OF COUNSEL**

Petitioner is a state inmate currently incarcerated at the Connally Unit in Kenedy, Texas
who has filed a habeas petition pursuant to 28 U.S.C. § 2254.  (D.E. 2).  Pending is petitioner's
motion for leave to file a motion for discovery and a motion for appointment of counsel.  (D.E.
19).  Pending also are petitioner's second motion for discovery and a second motion for
appointment of counsel.  (D.E. 20).

Petitioner asserts that a grand jury never indicted him for the conviction in which he is
currently incarcerated.  Id. at 2.  He is seeking various records, including grand jury memoranda,
true bill indictments, transcript of grand jury proceedings, a transfer order, and transcripts of
other proceedings.  Id. at 3-4.  A habeas petitioner is generally not entitled to discovery.  Rather,
"Rule 6 of the Rules Governing § 2254 cases permits discovery only if and only to the extent
that the district court finds good cause."  Murphy v. Johnson, 205 F.3d 809, 814 (5th Cir. 2000)
(emphasis added); see also United States v. Webster, 392 F.3d 787, 801 (5th Cir. 2004) ("A
habeas petitioner may 'invoke the process of discovery available under the Federal Rules of
Civil Procedure if, and to the extent that, the judge in the exercise of his discretion and for good
cause shown grants leave to do so, but not otherwise.'") (citation omitted).  The Fifth Circuit has
explained that "[i]n order to establish good cause, the petitioner must demonstrate that 'a factual

dispute, if resolved in the petitioner's favor, would entitle him to relief and the state has not afforded the petitioner a full and fair evidentiary hearing.'"  Lave v. Dretke, 416 F.3d 372, 381 (5th Cir. 2005) (quoting Ward v. Whitley, 21 F.3d 1355, 1367 (5th Cir. 1994)).

On February 23, 2010, respondent filed a motion for summary judgment.  (D.E. 16).  On May 11, 2010, a memorandum and recommendation was issued recommending that petitioner's claims be dismissed because they were without merit and that one claim was not properly exhausted in the state court.  (D.E. 28).

There is no constitutional right to counsel in federal habeas proceedings.  Wright v. West, 505 U.S. 277, 293 (1992) (Constitution "guarantees no right to counsel on habeas"); see also Elizalde v. Dretke, 362 F.3d 323, 329 (5th Cir. 2004) (same); Johnson v. Hargett, 978 F.2d 855, 859 (5th Cir. 1992) (same).  Rule 8(c) of the Rules Governing § 2254 Cases requires that counsel be appointed if the habeas petition raises issues that mandate an evidentiary hearing.  Here, his request for counsel is premature because at this stage in his case there are no factual issues requiring an evidentiary hearing.  Indeed, respondent has not yet filed an answer to the petition.

Counsel will be assigned sua sponte if there are issues that mandate an evidentiary hearing be held.  Moreover, the Court may appoint counsel if discovery is ordered and there are issues necessitating the assignment of counsel.  See Rule 6(a) of the Rules Governing § 2254 Cases; Thomas v. Scott, 47 F.3d 713, 715 n.1 (5th Cir. 1995).

Accordingly, petitioner's motion for leave to file a motion for discovery and a motion for appointment of counsel, (D.E. 19), is GRANTED.  However, petitioner's second motion for discovery, (D.E. 20), is hereby DENIED.  Additionally, petitioner's second motion for the

appointment of counsel, (D.E. 20), is DENIED.

ORDERED this 12th day of May 2010.

BRIAN  L. OWSLEY
UNITED STATES MAGISTRATE JUDGE